Filed 7/29/26  Jones v. Reamer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

| | |
|---|---|
| MARK G. JONES,<br>        Plaintiff and Appellant,<br><br>v.<br><br>BARBARA L. REAMER et al.,<br>        Defendants and Respondents.<br>_____ | C102087<br><br>(Super. Ct. No. CU0000795) |
| MARK G. JONES,<br>        Plaintiff and Appellant,<br><br>v.<br><br>SIERRA ASSET INVESTMENTS LLC et al.,<br>        Defendants and Respondents. | C103552<br><br>(Super. Ct. No. CU0000795) |

Self-represented plaintiff Mark G. Jones appeals after the trial court sustained demurrers to his second amended complaint without leave to amend and ordered him to pay attorney fees.  With an incomplete record and inadequate briefing, plaintiff contends we should reverse.  We affirm.  Undesignated statutory references are to the Civil Code.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2023, plaintiff filed a complaint against two pension plans (the pension plans), a beneficiary and a trustee of the pension plans (Barbara L. Reamer and Mitchell T. Clarin, respectively), and a foreclosure company (Mortgage Lender Services, Inc.). We refer to these defendants collectively as foreclosing defendants. Two months later, plaintiff filed a first amended complaint against the same parties.

According to the first amended complaint, plaintiff purchased three properties in Truckee in the 1980s (the properties). One of the properties contained a single-family residence that plaintiff "occupied as his principal residence over the last several years." In 2016, plaintiff borrowed money from the pension plans secured by the properties. In February 2023, the foreclosure company recorded two notices of default and election to sell under deed of trust. Three months later, the foreclosure company recorded two notices announcing a trustee sale of the properties on June 26, 2023. Plaintiff was unaware of the default and trustee sale notices until May 31, 2023. On the morning of the trustee sale, plaintiff sent written notice that he wanted to exercise his "equitable redemption rights" by "tendering full payment" of all amounts due. Plaintiff also sought a temporary restraining order to enjoin the sale, but the trial court denied his request. After the denial, plaintiff immediately contacted foreclosing defendants and "implored them" to not proceed with the sale and to allow plaintiff to make arrangements to pay the amount due. The sale proceeded on June 26, 2023.

Plaintiff alleged foreclosing defendants "undertook a wrongful, illegal and clandestine non-judicial foreclosure" of the properties in violation of sections "*2923 and 2924 et seq*, Federal statutory provisions and … common law." He alleged 13 causes of action for: (1) violation of the Homeowner Bill of Rights, specifically sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, and 2924.18; (2) violation of section 2923.5 "and/or" 2923.55, also within the Homeowner's Bill or Rights; (3) declaratory relief regarding the respective rights and duties of the parties; (4) injunctive relief enjoining the trustee sale;

2

(5) accounting of what plaintiff owed the pension plans; (6) negligence based on foreclosing defendants' breach of their duty of care in servicing the promissory note; (7) fraud based on foreclosing defendants' wrongful foreclosure using false representations and omissions; (8) set aside the trustee's sale; (9) void or cancel the trustee's deeds upon sale; (10) wrongful foreclosure based on violations of the Homeowner Bill of Rights "and various requirements of applicable Federal Law"; (11) breach of the implied covenant of good faith and fair dealing; (12) violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.); and (13) quiet title.

In October 2023, foreclosing defendants demurred to the first amended complaint and requested judicial notice of several exhibits. The request for judicial notice and attached exhibits are not in the record. In support of the demurrer, foreclosing defendants offered the following factual summary with citations to the exhibits.

In September 2016, plaintiff borrowed $360,000 from the pension plans and used the properties as security for a promissory note. The promissory note listed an Ohio address for plaintiff. According to the terms of the note, plaintiff was required to make interest only payments and pay the entire loan balance three years later (the maturity date). Deeds of trust were recorded against the properties.

Plaintiff's loan was modified four times between October 2017 and April 2022 "in an effort to help [plaintiff] avoid foreclosure." Under the second modification, the maturity date was extended by two years. Under the third modification, plaintiff was loaned an additional $100,000, and if plaintiff did not pay the loan in full by the maturity date, plaintiff would need to list the properties for sale and use a pension plan trustee as his real estate agent. Under the fourth modification, the maturity date was extended by 15 months (to December 21, 2022) and plaintiff was required to enter into a listing agreement with the pension plan trustee to enable him to sell two of the properties by April 18, 2022. If the proceeds of the sale were insufficient to pay the loan balance,

3

plaintiff would need to enter a listing agreement with the pension plan trustee to sell the third property.

In February 2023, the foreclosure company recorded notices of default against the properties and sent those notices to plaintiff's Ohio address listed in the promissory note. In May 2023, notices of sale were recorded against the properties. Those notices were mailed, posted to the properties, and published in a local newspaper.

In support of the demurrer, foreclosing defendants argued (1) they followed the applicable foreclosure laws and (2) plaintiff failed to allege his ability to tender all amounts due. For those reasons, plaintiff's derivative causes of action (for negligence, breach of the covenant of good faith and fair dealing, and unfair competition, and to quiet title and to set aside the trustee sale and the resulting deeds) should also be dismissed. Foreclosing defendant also argued: (1) plaintiff's accounting cause of action did not allege uncertainty as to the damages owed to him and improperly sought an accounting of the money he owed; and (2) plaintiff's fraud cause of action failed to plead fraud with particularity and was refuted by his own allegations.

In opposition to the demurrer, plaintiff asked the court to disregard the request for judicial notice and argued foreclosing defendants were turning a demurrer into a motion for summary judgment. If the demurrer was sustained, he sought leave to amend.

The court granted the requests for judicial notice and sustained the demurrer with leave to amend. The court concluded: (1) based on exhibits in the request for judicial notice, plaintiff admitted he resided in Ohio; (2) plaintiff failed to allege that foreclosing defendants were lenders under section 2924.18, subdivision (b); (3) plaintiff failed to allege he took out the loan for personal, family, or household purposes as required under section 2924.15, subdivision (a); (4) plaintiff failed to allege the requisite delinquency to trigger federal law; (5) judicially noticed facts demonstrated that foreclosing defendants provided the requisite notice under section 2924i; (6) the accounting cause of action

4

failed because it improperly sought to determine how much plaintiff owed; and (7) the fraud cause of action was not pled with specificity.

Plaintiff filed a second amended complaint asserting the same 13 causes of action. He added three defendants – Sierra Asset Investments, LLC, SPFF, LP, and Veritas Capital, LLC (collectively, buyer defendants) – to the causes of action for injunctive relief and quiet title, alleging they had purchased the properties at the trustee sale. Plaintiff also alleged: (1) he had used the home on one of the properties as "his principal residence … since early in calendar year 2020" and the pension plan beneficiary and trustee were aware of that fact; (2) the loan was made for personal, family, or household purposes; (3) "upon information and belief," the pension plans were described in section 2924.18, subdivision (b); (4) an accounting was required because the proceeds from the trustee sale resulted in overpayments, making plaintiff owe an unknown amount; (5) foreclosing defendants committed fraud because they failed to inform plaintiff of the actions they were taking to implement the nonjudicial foreclosure; and (6) foreclosing defendants did not send the notices of default or trustee sale to the property where he now resided.

Foreclosing defendants filed a demurrer to the second amended complaint, again with a request for judicial notice of several documents. The request for judicial notice is not in the record on appeal. Foreclosing defendants argued plaintiff's amendments had not remedied the issues raised in their first demurrer; the fraud cause of action failed to allege a representation, intent to induce reliance, and reliance; and the quiet title cause of action was also deficient because the complaint was not verified and buyer defendants had not been served.

Plaintiff opposed the demurrer, objecting to the judicial notice request and claiming foreclosing defendants' arguments were incorrect, frivolous, irrelevant, and improper for demurrer. Plaintiff requested leave to amend but did not identify how he would amend his pleading.

The trial court took judicial notice of some of the documents and sustained the demurrer. The court concluded plaintiff failed to: (1) sufficiently allege that foreclosing defendants were subject to the Homeowner's Bill of Rights; (2) properly allege a violation of federal law; (3) allege a violation of section 2924i because judicially noticed facts established compliance with that law; (4) state a cause of action for declaratory relief; (5) allege a cause of action for accounting because judicially noticed facts indicated plaintiff had all facts necessary to calculate sums due to him; (6) allege a specific legal basis for a duty that foreclosing defendants owed him; (7) allege reliance or satisfy the particularity requirements for a fraud claim; (8) allege wrongful conduct, damage, and tender for purposes of his claims for wrongful foreclosure and to set aside and void the trustee sale and resulting deeds; (9) allege a breached contract for purposes of this breach of good faith claim; and (10) allege that foreclosing defendants had an adverse claim to title. The court also faulted plaintiff for using "the disfavored and ambiguous practice of incorporating all paragraphs of his complaint in each claim." Because plaintiff did not demonstrate how he could cure these defects, the trial court denied leave to amend and entered a judgment of dismissal as to foreclosing defendants.

Foreclosing defendants then filed a motion for attorney fees based on the original promissory note and the deeds of trust. Plaintiff opposed the motion, arguing the award was excessive and had no contractual basis. The court rejected plaintiff's arguments and granted the motion.

Between June 2024 and October 2024, buyer defendants each filed separate demurrers to the second amended complaint. They argued they were innocent, bona fide purchasers of the properties and plaintiff failed to allege they committed any wrongful conduct. The court sustained the demurrers without leave to amend and entered judgments of dismissal.

6

Plaintiff timely appeals from the judgments and the order granting foreclosing defendants' motion for attorney fees. We granted plaintiff's motion to consolidate the appeals.

**DISCUSSION**

*I. Demurrer*

"Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action. If the complaint fails to plead, or if the defendant negates, any essential element of a particular cause of action, this court should affirm the sustaining of a demurrer." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

Although we apply de novo review to an order sustaining a demurrer without leave to amend (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42), we presume the order is correct and require the appellant to overcome that presumption (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6). The appellant must do so by: (1) following the appellate rules of procedure; (2) providing an adequate record for review; and (3) affirmatively demonstrating error by showing that the facts pleaded are sufficient to establish every element of all causes of action. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) Plaintiff fails to comply with these standards in four ways.

First, plaintiff misunderstands his burden on appeal. He contends defendants "have not met their burden of demonstrating that … [their demurrers] should be sustained by the [t]rial [c]ourt without leave to amend." As to his causes of action for negligence, wrongful foreclosure, breach of the covenant of good faith and fair dealing, and unfair business practices, he points to foreclosing defendants' "minimal arguments for the demurrer" and contends those arguments are a "throw-away variety" and an admission that he stated sufficient facts. Similarly, he contends he pled "dozens of 'requisite factual

7

allegations establishing [his] right to title,' contrary to the unsupported assertion of [foreclosing defendants] … which is yet another throw-away argument." These contentions improperly place the burden on defendants to show their demurrers were properly sustained.

Second, plaintiff's briefing fails to follow the appellate rules of procedure. Plaintiff begins his argument by incorporating by reference the demurrer oppositions he filed in the trial court. This is not the proper way to brief an issue on appeal. (*Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 ["[I]t is not appropriate to incorporate by reference, into a brief, points and authorities contained in trial court papers, even if such papers are made a part of the appellate record"].) The remainder of his argument lacks sufficient development and citation to authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; Cal. Rules of Court, rule 8.204(a)(1)(B).) Plaintiff summarily asserts five "opposition comments" and then refers to those comments throughout his brief. But he does not sufficiently develop these comments for us to meaningfully review them. (See *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 [when an appellant asserts a point but fails to support it with reasoned argument, we treat the point as waived].) He also contends he pled sufficient facts to support his accounting, negligence, and fraud causes of action without analyzing the applicable law or how the trial court erred in applying the law to the alleged facts. Plaintiff's contentions are deficient. He must "do more than assert error and leave it to [us] to search the record and the law books to test his claim." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)

The same is true of plaintiff's causes of action that foreclosing defendants violated the Homeowner's Bill of Rights. Plaintiff contends he sufficiently alleged that the Homeowner's Bill of Rights laws applied to foreclosing defendants, but his contentions are cursory, lack citation to authority, and would require us to make and develop his arguments. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) The

8

Homeowner's Bill of Rights[1] is a "complex set of enactments" that has undergone multiple revisions since 2012. (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 295; Stats. 2012, ch. 86; Stats. 2012, ch. 87; Stats. 2018, ch. 404; Stats. 2024, ch. 601.) Explaining those enactments and how they apply to plaintiff and foreclosing defendants needs more analysis than plaintiff has offered.[2]

Third, plaintiff fails to address all the grounds on which the trial court sustained the demurrer. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880.) For instance, the trial court concluded plaintiff's declaratory relief claim was deficient because it sought redress of past wrongs and was defeated by his own allegations and exhibits attached to his pleading. The trial court also concluded that plaintiff failed to identify a specific contract that foreclosing defendants breached for purposes of his breach of covenant of good faith cause of action. Plaintiff does not address why these conclusions were incorrect, and we will not make those arguments for him. (*Allen v. City of Sacramento*, *supra*, 234 Cal.App.4th at p. 52.)

And fourth, plaintiff fails to provide a complete record for our review. In sustaining foreclosing defendants' demurrer to the declaratory relief and accounting causes of action, the trial court found support in judicially noticed facts. Because plaintiff's record on appeal does not include the request for judicial notice, we cannot determine whether the trial court properly considered the relevant documents. (See *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752-761 [role of judicial

---

[1] §§ 2920.5, 2923.4–2923.7, 2924, 2924.9–2924.12, 2924.15, 2924.17–2924.20.

[2] Because plaintiff has not demonstrated that he pled viable causes of action for foreclosure law violations, he has also not demonstrated that he sufficiently pled his derivative causes of action for unfair competition and injunctive relief, and to quiet title and set aside the trustee sale and void the resulting deeds.

notice in demurrer].) For this reason, we must resolve this issue against plaintiff. (*Jameson v. Desta, supra*, 5 Cal.5th at p. 609.)

Although we are mindful that plaintiff represents himself on appeal, as he did in the trial court, he " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) Because plaintiff does not provide an adequate record or cogent argument explaining how his allegations state viable causes of action, we must affirm the orders sustaining the demurrers.

## II. *Leave to Amend*

Plaintiff contends the trial court abused its discretion by denying him leave to amend his complaint. We disagree.

When a trial court has sustained a demurrer without leave to amend, "we must decide whether there is a reasonable possibility that the defect [can be cured by] amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "The plaintiff has the burden of proving that an amendment could cure the defect." (*Ibid*.) To meet this burden, the plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

Here, plaintiff did not meet that burden in the trial court. He argued leave to amend should be granted but did not indicate what amendments he would make. His showing is equally deficient on appeal. He identifies the trial court's disapproval of his incorporation of allegations in each cause of action and contends the trial court should have allowed him to correct that issue. But he does not address how he could amend his pleading to address the other grounds on which the trial court sustained the demurrer. Instead, he summarily contends the facts he alleged were sufficient so the trial court improperly sustained the demurrer. We also reject his argument that the trial court's order was "devoid of any reasoning and explanation" so he "cannot attempt to guess"

10

what amendments are needed.  He cites no authority requiring the trial court to provide more explanation that it did.  (See Code Civ. Proc., § 472d; *Marin Assn of Public Employees v. Marin* (2016) 2 Cal.App.5th 674, 691-692.)

### III.   Motion for Attorney Fees

Plaintiff contends the trial court erred by granting the attorney fee motion because (1) "there is no basis under a contract pursuant to [section 1717, subdivision (a)] for the recovery" of the fees and (2) the requested amount of fees is grossly excessive.  In support, plaintiff incorporates the opposition to the fee motion that he filed in the trial court.  Plaintiff's briefing is deficient and compels us to affirm the trial court's order.

As covered, we presume the trial court reached the right result, so plaintiff is the party who must *demonstrate* error.  (*Jameson v. Desta*, *supra*, 5 Cal.5th at pp. 608-609.) Merely *claiming* error is not enough:  the appellant must support his contentions with cogent argument, meaningful legal analysis, and adequate record citations.  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146, 153; Cal Rules of Court, rule 8.204(a)(1)(B) & (C).)  Plaintiff cannot meet those standards by incorporating by reference arguments made in papers in the trial court.  (*Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1048, fn. 6.)  Here, plaintiff challenges the basis and amount of the fee award, but he provides no meaningful legal analysis, instead referring us to the arguments he made in the trial court.  This deficient briefing forfeits plaintiff's claims on appeal. (*Korchemny v. Piterman*, at p. 1048, fn. 6.)

11

## DISPOSITION

We affirm the judgments of dismissal and the postjudgment order granting attorney fees. Foreclosing defendants and buyer defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/ _____
MESIWALA, J.

We concur:

/s/ _____
ROBIE, Acting P. J.

/s/ _____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.